**Tommy Lee WALTERS, Petitioner–Appellant,**

v.

**J.W. FAIRMAN Jr., Warden, Respondent–Appellee.**

No. 01–55749.

D.C. No. CV–99–05997–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 25, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

## MEMORANDUM**

Tommy Lee Walters, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his "three strikes" sentence for two counts of petty theft with a prior as cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Walters contends his sentence under California's "three strikes" law violates the Eighth Amendment's prohibition against cruel and unusual punishment.[1] We conclude that the California state courts did not unreasonably apply clearly established law in upholding Walters' sentence. *See Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (acknowledging broad discretion possessed by legislatures and holding that three-strikes sentence of 25 years to life for felony grand theft was not grossly disproportionate); *Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (on habeas review, holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was neither contrary to nor an unreasonable application of clearly established law). The district court therefore properly de-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to address issues outside the scope of the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

nied Walters' petition. *See Andrade,* 123 S.Ct. at 1174.

## AFFIRMED.[2]

2. Because Appellee declined to file a motion for appropriate relief following the *Andrade* decision as allowed in the April 15, 2002 abeyance order, we deny Walters' motion for an extension of time to file a response.

